Pettibone, J.,
delivered the opinion of the Court.
This was an action of assumpsit, by Robinson, the plaintiff as endorsee of a biii of exchange, against the defendant, as drawer.
The bill was drawn in Kentucky, upon A. R. Woolley, in Pittsburgh.. Upon the trial of the cause, the plaintiff offered in evidence, a protest of the said bill of exchange, under the notarial seal of John Shaw, a Notary Publicthe reading of which was objected to by the defendant, and the objection sustained by the Court. The plaintiff also read in evidence, the deposition of John Shaw, who testified that the bill of exchange annexed to his deposition, (being, the same described in the declaration,) was, by him, as Notary Public, regularly protested for non-payment, on the 26th day of April, 1819, and that notice thereof was regularly and promptly given to the drawer of the said hill of exchange, James Johnson, by addressing to him, the said James Johnson, on the 26th day of April, 1819, notice in writing, of the non-payment of the said hill of exchange, and placing the said notice in the post office at Pittsburgh. The defendant’s counsel prayed the Court to instruct the jury, that unless they find that the said bill of exchange was presented for payment, at the time and place mentioned in, the declaration, and that payment was refused,, and that notice of the same was given to the defendant,, they must find for the defendant; that these facts were necessary to be proved, and that the deposition of John Shaw, read in this case, is not evidence of these facts. And the said Court then and there instructed, the jury, that there is nothing contained in deposition of John Shaw to support the material allegations contained in the declaration, to sustain the action. To these several opinions and instructions, the plaintiff excepted. A verdict was found for the defendant.
The first point which I shall consider, is, whether the protest was properly excluded from going in evidence.
Secondly, whether the Conrt erred in giving the foregoing instructions.
We are of opinion, the Court erred in rejecting the protest. The plaintiff has-averred in his declaration, that the bill was duly protested. He has a right to prove that averment, unless it appears to the Court to he altogether immaterial. By the laws of this State, the party is entitled to damages on a protested hill of exchange, drawn here. A similar law may exist in Kentucky, where this bill, was drawn. *309 That would he a matter of evidence which the party would be entitled to mate, under his declaration, and not a matter to appear in the pleadings. The averment of the protest, therefore, might be material; and as it does not appear for what purpose it was offered, or on what ground rejected, we cannot say that it was altogether immaterial to the plaintiff’s cause, when introduced in evidence. We are clearly of opinion, that it should have no other effect than to entitle (he plaintiff to damages, if the lex loci contractus would entitle him to damages. We are of opinion, that this is an inland bill of exchange : Vide 5 Johns. Rep. 383; and that the protest is, of itself, no evidence of the facts therein stated. It is necessary for the plaintiff to prove the presentment of the bill, the non-payment and notice ; and from the protest, or in other words, the protest of an inland bill of exchange, is no evidence of these-facts.
We are of opinion, that the Court erred in instructing the jury, “ that there i® nothing contained in the deposition of John Shaw, to support the material allegations contained in the declaration.” The deposition does contain evidence of a notice of non-payment; and although that evidence is not complete and sufficient, of itself, to establish a legal notice, yet, so far as it goes, the evidence is relevant, and it might have been completed by other evidence, which the plaintiff, for aught that appears, might have been able to produce. .
The evidence was relevant and competent, so far as it went, and was, therefore, improperly excluded from the jury.
Let the judgment in the Court below be reversed, and the cause remanded for a new trial; and let the plaintiff have his costs in this Court.